**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| JOHN PAUL, JR., <br> # 174114 <br><br> Plaintiff, <br><br> VS. <br><br> JERI YENNE, *et al.* <br><br> Defendants. | § § § § § § § § § § § | CIVIL ACTION NO. 3:19-126 |

**MEMORANDUM OPINION AND ORDER**

Plaintiff John Paul, Jr. (#174114) filed this civil rights suit under 42 U.S.C. § 1983 while incarcerated at the Brazoria County Detention Center. Paul proceeds *pro se* and *in forma pauperis*. Because this case is governed by the Prison Litigation Reform Act ("PLRA"), the Court is required to scrutinize the pleadings and dismiss the complaint in whole or in part if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. After reviewing all of the pleadings as required, the Court concludes that this case must be **DISMISSED** for reasons that follow.

I.  **BACKGROUND**

Plaintiff filed this civil action on March 20, 2019 in the Houston Division Southern District of Texas. The Court in Houston transferred the case to this judicial district (Dkt. 5). Plaintiff's complaint brings claims against Jeri Yenne, District Attorney for Brazoria County, and against Brazoria County, in connection with his prosecution for possession of a controlled substance in Case No. 83239-CR. On April 30, 2019, Plaintiff

filed a separate action, *Paul v. Odi*, Civil Action No. 3:19-150, bringing claims against the arresting officers in connection with the same criminal case, Case No. 83239-CR.

In his complaint, Paul states that he was arrested by the West Columbia Police Department on November 21, 2017 for a drug offense and was indicted by the Brazoria County District Attorney on January 25, 2018 (Dkt. 1, at 1). He further states that he filed multiple pretrial motions, including motions for dismissal and to suppress evidence, but that the criminal court had not taken action on his motions at the time he filed this suit (*id*. at 2). He alleges that the delay in the criminal court violates his right to a speedy trial and that various actions in the criminal proceedings violated his constitutional rights (*id*. at 4-7). He seeks relief in the form of "full dismissal of the charges currently pending" in additional to monetary damages and other relief (*id*. at 8).

Publicly available online criminal records regarding Case No. 83239-CR reflect that on May 13, 2019, Paul pleaded guilty to possession of a controlled substance and was sentenced to four years in the Texas Department of Criminal Justice–Correctional Institutional Division ("TDCJ"). *See State of Texas v. John Paul, Jr*., Case No. 83239-CR, 300th District Court of Brazoria County, Texas (available at https://pubweb.brazoriacountytx.gov/PublicAccess/default.aspx) (last visited June 21, 2019). Judgment was entered on May 28, 2019.

TDCJ's publicly available online records indicate that Paul is now incarcerated in TDCJ rather than Brazoria County Jail. Paul has not provided the Court with his new address as instructed in the Court's prior order (Dkt. 10, at 3).

## II. STANDARD OF REVIEW

As required by the PLRA, the Court screens this case to determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. In reviewing the pleadings, the Court is mindful of the fact that Plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

## III. DISCUSSION

Paul alleges that his constitutional rights were violated in a criminal proceeding in Brazoria County and requests that this Court enter injunctive relief and order that the criminal charges against him be dismissed. He also seeks monetary relief. Although

public records indicate that the trial court entered judgment against Paul on May 28, 2019, the status of an appeal by Paul, if any, is unclear.

To the extent Paul requests that this Court intervene in ongoing state criminal proceedings, the Court must abstain under a doctrine originating with *Younger v. Harris*, 401 U.S. 37 (1971). *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69 (2013); *Google, Inc. v. Hood*, 822 F.3d 212 (5th Cir. 2016). *Younger* abstention applies in three "exceptional categories" of state proceedings: ongoing state criminal prosecutions; certain civil enforcement proceedings akin to criminal prosecutions, and "pending civil proceedings . . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint*, 571 U.S. at 78 (internal citation and quotation marks omitted). When a case falls into these categories, the court potentially invoking *Younger* considers "whether there is (1) an ongoing state judicial proceeding, which (2) implicates important state interests, and (3) provides an adequate opportunity to raise federal challenges." *Google*, 822 F.3d at 222 (internal citations, quotation marks, and alteration omitted). State criminal proceedings pertaining to Paul implicate Texas's important interests in enforcement of its criminal laws. *See RTM Media, L.L.C. v City of Houston*, 584 F.3d 220, 228 & n.11 (5th Cir. 2009). Moreover, the state court proceedings provide an adequate forum to raise the federal constitutional claims Paul brings in this suit. *See Google*, 822 F.3d at 222. Plaintiff's request for injunctive relief therefore will be denied under *Younger*.

Additionally, even if state proceedings are no longer ongoing, Paul's claims for relief are barred. Under *Heck v. Humphrey*, a claim under 42 U.S.C. § 1983 that bears a

relationship to a conviction or sentence is not cognizable unless the conviction or sentence has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). To recover damages based on allegations of "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a civil rights plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Id.* If a judgment in favor of a civil rights plaintiff "would necessarily imply the invalidity of his conviction or sentence," then the complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

Paul sues the district attorney and Brazoria County regarding delays and alleged constitutional violations during his criminal proceeding. Public court records do not reflect, and Paul does not claim, that his sentence in Case Number 83239-CR has been invalidated or otherwise set aside. Absent this showing, the rule in *Heck* precludes any claim for damages, as well as any claim for declaratory or injunctive relief. *See Clarke v. Stalder*, 154 F.3d 186, 189-91 (5th Cir. 1998) (en banc). Therefore, Paul's civil rights claims are not cognizable under 42 U.S.C. § 1983 at this time and his claims must be dismissed with prejudice. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

Finally, Plaintiff's claims against the district attorney for Brazoria County are subject to dismissal because prosecutors are entitled to absolute immunity from civil rights claims for actions taken in the scope of their duties in initiating and pursuing a criminal prosecution. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 342-43 (2009).

For all of the foregoing reasons, Plaintiff's complaint will be dismissed because it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

## IV. CONCLUSION

For the reasons stated above the Court **ORDERS** that:

1. This civil action is **DISMISSED** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

2. All pending motions are **DENIED as moot**.

**The Clerk will provide a copy of this Order to the plaintiff and to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov**.

SIGNED at Galveston, Texas, this 24th day of June, 2019.

                                                        _____
                                                        George C. Hanks Jr.
                                                        United States District Judge